Christian Elias Kernkamp (SBN 314928)
 *ck@kernkamplaw.com*
KERNKAMP LAW, APC
1801 Century Park E 24 FL
Los Angeles, CA 90067
Tel: (213) 214-3030

Attorneys for Plaintiff
Peridot Tree, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERIDOT TREE, INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMANTO OFFICE OF CANNABIS MANAGEMENT, AND DAVINA SMITH<br><br>       Defendants. | Case No.: 2:22-at-166<br><br>**COMPLAINT**<br>**1. 42 U.S.C. § 1983 Dormant Commerce Clause**<br>**2. Declaratory Judgment**<br><br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

Plaintiff Peridot Tree, Inc. ("Peridot" or "Plaintiff") brings this action against defendants City of Sacramento (the "City"), Sacramento Office of Cannabis Management (the "Office"), and Davina Smith (collectively, "Defendants").

**PARTIES**

1.     Plaintiff Peridot Tree, Inc. is a corporation organized under the laws of the State of California. It is the assignee of all rights in the cannabis dispensary license at issue in this litigation.

2.     Defendant City of Sacramento is a municipal corporation located in Sacramento County, State of California.

3.     Defendant Sacramento Office of Cannabis Management is a division of the City of Sacramento.

4.     Defendant Davina Smith is the Manager of the Sacramento Office of Cannabis Management. Plaintiff sues Ms. Smith in her official and individual capacities.

**JURISDICTION AND VENUE**

5.     The Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. section 1331 because the action involves questions under the United States Constitution.

6.     The Court has personal jurisdiction over the City because it is a citizen of California.

7.     The Court has personal jurisdiction over the Office because it is a citizen of California.

8.     The Court has personal jurisdiction over Ms. Smith because, on information and belief, she is a domiciliary of California.

9.     Venue is proper in this Judicial District under 28 U.S.C. section 1391(b)(1) because, on information and belief, all Defendants reside in this Judicial District and under 28 U.S.C. section 1391(b)(2) because Defendants performed the actions complained of herein while within this Judicial District.

## RELEVANT FACTS

### A. The CORE Program Is Limited to Current or Past Sacramento Residents

10.     On August 9, 2018, the Sacramento City Council adopted Resolution No. 2018-0323 ("Resolution 323"). Resolution 323 created the Cannabis Opportunity Reinvestment and Equity Program ("CORE Program"). Participation in the CORE Program is limited to individuals and businesses who satisfy a Sacramento residency requirement.

11.     Individuals qualify for the CORE Program if they satisfy CORE Classification 1 or 2. CORE Classification 1 is limited to "[a] current or former

3
COMPLAINT

resident of the City of Sacramento who previously resided or currently resides in a low-income household and was either: (a) arrested or convicted for a cannabis related crime in Sacramento between the years 1980 and 2011; or is (b) an immediate family member of an individual described in subsection a of Classification 1 or Classification 2."

12.    CORE Classification 2 is limited to "[a] current or former resident of the City of Sacramento who has lived in a low-income household for at least five (5) years, between the years of 1980 and 2011 in the following zip codes: 95811, 95815, 95817, 95820, 95823, 95824, 95826, 95828, and 95818."

13.    Business qualify for the CORE Program if they satisfy Classifications 3, 4, or 5.  Classification 3 is limited to "[a] cannabis business with not less than 51% ownership by individuals meeting Classifications 1 or 2 criteria that reside within the city district in which their business sits, if any. If no such individuals exist, individuals meeting Classifications 1 or 2 criteria from other applicable areas may be utilized."

14.    Classification 4 is limited to "[a] cannabis business that is a CORE Incubator."  A CORE Incubator is a business that "(1) Hosts a participant; 30% of its workforce are Classification 1 or 2 eligible participants, measured by hours worked; and contracts no less than 51% of its cannabis products or services and ancillary business support with eligible participants; or (2) Is a shared manufacturing

cannabis business and donates at least 10% of its hours of operation to allow participant(s) to utilize 100% of its business' floor space and equipment; or (3) Is a cannabis business that sells, gives or otherwise transfers no less than a 33% equity share in the CORE Incubator's cannabis business to eligible CORE participants or participants; 30% of its workforce be Classification 1 or 2 eligible; and contracts no less than 30% of its cannabis and ancillary business with Classification 1 or 2 eligible participants."

15.    Classification 5 is limited to "A Cannabis Social Enterprise with not less than 51% ownership by individuals meeting Classifications 1 or 2 criteria."[1]

16.    Applicants through the CORE Program must provide documentation to prove Sacramento residency.  "Proof of residency shall be supported by a minimum of two of the following documents: California driver's or identification card records,

_____

[1] A Cannabis Social Enterprise is "a cannabis business in the city that incubates and/or employs Classifications 1 or 2 participants and uses commercial strategies to maximize improvements in financial, social, and environmental well-being of the disadvantaged community the organization sits in. This may include maximizing social impact alongside profits for external shareholders. CSEs can be structured as a for-profit or non-profit organization and may take the form of a cooperative, mutual organization, a disregarded entity, a social business, a benefit corporation, a community interest company, a company limited by guarantee, or a charity organization. They can also take more conventional structures. Social enterprises have both business goals and social goals. As a result, their social goals are embedded in their objective, which differentiates them from other organizations and corporations."

5
COMPLAINT

property tax billings and payments, signed rental agreement, verified copies of state or federal tax returns with an address in the geographic area of the city of Sacramento, school records, medical records, banking records, Sacramento Housing Authority records, or utility, cable, or internet company billing and payment records."

**B. <u>Defendants Allowed Only CORE Program Participants to Apply for Cannabis Dispensary Licenses</u>**

17.    The City accepted applications (which the City calls "statements of qualifications") for cannabis storefront dispensaries from January 20, 2021, to February 19, 2021. The application process was open only to individuals who satisfied the CORE Program Classification 1 or Classification 2 requirements.

18.    Plaintiff applied for a dispensary license through its shareholder, Kenneth Gay. Mr. Gay is a U.S. Citizen and a domiciliary of Michigan who has never lived in California.

19.    Mr. Gay meets every requirement of CORE Program Classification 1, except that he has never lived in Sacramento. Mr. Gay currently lives in a low-income household.[2] Mr. Gay was arrested and convicted for a cannabis-related crime between the years 1980 and 2011.

---

[2] A low-income household "means a household whose income does not exceed 80% of median income applicable to Sacramento County, adjusted for family size

20.    Mr. Gay also meets every requirement of CORE Program Classification 2, except that he has never lived in Sacramento. Mr. Gay lived in a low-income household for at least five consecutive years between 1980 and 2011.

21.    Plaintiff, through Mr. Gay, submitted an application (i.e., a statement of qualifications) for a dispensary license on February 17, 2021. The City sent Plaintiff an email confirming that it had received the application that same day.

22.    On March 26, 2021, Davina Smith sent Plaintiff an email stating the City had rejected the application because Plaintiff did not provide a CORE classification 1 or classification 2 letter. Plaintiff could not obtain such letter solely because Mr. Gay has never lived in Sacramento (or anywhere else in California).

23.    On or about April 5, 2021, the City announced the ten selected applications. On information and belief, all ten applications are affiliated with individuals who have resided in Sacramento.

///

///

///

----

as published and annually updated by the United States Department of Housing and Urban Development pursuant to section 8 of the United States Housing Act of 1937." SCC § 17.712.020.

COMPLAINT

## FIRST CAUSE OF ACTION

**(Dormant Commerce Clause, 42 U.S.C. § 1983)**

**(Against All Defendants)**

24.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

25.     A state, including its subdivisions, may not enact laws that discriminate against citizens of other states. *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

26.     Defendants enacted laws that limited applications for storefront dispensary cannabis licenses to California residents. In doing so, Defendants violated the dormant Commerce Clause of the United States Constitution.

27.     Defendants violated Plaintiff's rights by depriving Plaintiff of a license to operate a storefront dispensary in violation of the dormant Commerce Clause.

28.     Damages are appropriate for the deprivation of Plaintiff's license.

29.     Injunctive relief is necessary to prevent Defendants from processing any applications for a storefront cannabis dispensary license Defendants received from Defendants' request for qualifications accepted from January 20, 2021, to

February 19, 2021, because the residency requirements violate the United States Constitution and subject Plaintiffs to serious, concrete, and irreparable injuries.

## SECOND CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201)

### (Against All Defendants)

30.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

31.    Sacramento City Council Resolution No. 2018-0323 violates the dormant Commerce Clause of the United States Constitution. An actual controversy exists between Plaintiff and Defendants as to whether Defendants may enforce the residency requirements. A further controversy exists as to whether Defendants may process any applications for a storefront cannabis dispensary license Defendants received from Defendants' request for qualifications accepted from January 20, 2021, to February 19, 2021.

32.    Declaratory relief is necessary to resolve this dispute.

///

///

///

///

COMPLAINT

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays for relief as follows:

3    1.  For the first claim, an award of compensatory and consequential damages

4        against Ms. Smith in her personal capacity in an amount to be determined

5        at trial.

6    2.  For the first claim, an injunction prohibiting Defendants from processing

7        any applications for storefront cannabis dispensary licenses from the

8        requests for qualifications for cannabis storefront dispensaries held from

9        January 20, 2021, to February 19, 2021.

10   3.  For the second claim, a declaration that Sacramento City Council

11       Resolution No. 2018-0323 is unconstitutional, the residency preferences

12       may not be enforced, and Defendants may not process any applications for

13       storefront cannabis dispensary licenses from the requests for qualifications

14       for cannabis storefront dispensaries held from January 20, 2021, to

15       February 19, 2021.

16   4.  An award of attorneys' fees and costs.

17   5.  For such other and further relief as this Court shall deem appropriate.

18

19

20

1    DATED: February 14, 2022          KERNKAMP LAW APC

2
                                        By:     /s/ Christian Kernkamp
3                                             Christian Kernkamp
                                              Attorney for plaintiffs Peridot Tree, Inc.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

11
COMPLAINT

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues and causes of actions so triable.

DATED: February 14, 2022        KERNKAMP LAW APC

By:      _/s/ Christian Kernkamp_
         Christian Kernkamp
         Attorney for plaintiff Peridot Tree, Inc.

12
COMPLAINT